ERB ET AL., APPELLANTS, *v.* ANESTHESIA GROUP PRACTICE, INC. ET AL., APPELLEES.

(No. C-870695—Decided June 29, 1988.)

*Joseph R. Jordan* and *John W. Eilers,* for appellants.

*Taft, Stettinius & Hollister, John J. McCoy* and *Michael J. Zavatsky,* for appellees.

*Per Curiam.* Plaintiffs-appellants

are nine certified registered nurse anesthetists who, together with another plaintiff not an appellant herein, brought suit against their employer, Anesthesia Group Practice, Inc. ("AGP"); the individual owners and board of directors of AGP; and Clayton L. Scroggins & Associates ("Scroggins") (all the above will be collectively referred to as "defendants"). In their complaint, appellants alleged that AGP breached its employment contracts with appellants by failing to contribute certain amounts to a pension plan and a retirement profit-sharing plan, and they requested that the court order defendants to fund the plans at the proper levels.

Additionally, the complaint alleged that AGP, the owners of AGP and the board of directors breached their fiduciary duties to appellants by failing to fund the plans at the proper level, and by distributing the money that should have been used to fund the plans to AGP's owners in the form of bonuses. Finally, the complaint charged that Scroggins provided AGP "with bookkeeping and accounting services," and that Scroggins "negligently, recklessly, knowingly or intentionally" facilitated AGP's breach of fiduciary duty.

Appellants also requested sundry other relief, including attorney fees. The fee request was based on the Employee Retirement Income Security Act ("ERISA"), Section 1001 *et seq.*, Title 29, U.S. Code. The complaint stated that the "action is maintainable under 29 U.S.C., Section 1332(a)(1)(B)." As ERISA contains no Section 1332, we presume appellants meant Section 1132, the civil enforcement provision of ERISA.[1]

The parties engaged in discovery, and subsequently defendants moved for summary judgment. In an opinion the trial court held that the breach-of-contract claim was preempted by ERISA, and the trial court entered final judgment in favor of all defendants. From that order, appellants have brought this appeal.

As we view their single assignment of error contending that summary judgment was improper, appellants have raised two separate contentions. First, it is contended that ERISA does not preempt direct employer liability under a pension agreement because such liability would not be inconsistent with the enforcement of ERISA. Second, appellants maintain that even if ERISA does preempt state law, they have a valid federal claim under ERISA, which is cognizable in a state court.

The facts are undisputed. The formal pension plan document states that AGP would contribute an amount into a pension fund equal to five percent of an employee's salary up to the Social Security wage limit and twelve percent of any amounts above that limit.[2] The profit-sharing plan document states

---

[1] Section 1132, Title 29, U.S. Code, relating to civil enforcement, states in relevant part:

"(a) Persons empowered to bring a civil action

"A civil action may be brought —

"(1) by a participant or beneficiary —

"(A) for the relief provided in subsection (c) of this section, or

"(B) to recover benefits due to him under the terms of his plan, to enforce his rights under the terms of the plan, or to clarify his rights to future benefits under the terms of the plan * * *."

[2] The actual language of the pension document in Article III, Section 3.1 states that:

"Section 3.1. Employer Contributions. Subject to the provisions of Article IX, Section 9.4, each Fiscal Year the Employer shall contribute to the Trust Fund with

that the board of directors would decide upon the amount to be contributed each year.[3] It is not disputed that AGP followed these formulae each year. Rather, appellants contend that when they were employed they were promised that the plans would be funded at a level equal to twenty-five percent of their gross salaries. While defendants denied ever making these statements, they accepted them as true for purposes of the motion for summary judgment.

Briefly, we note that ERISA comprehensively regulates almost all employee benefit plans for the protection of plan participants and their beneficiaries. This includes pension and other retirement benefit plans, and it requires the reporting and disclosure of financial and other information, while providing an enforcement mechanism for aggrieved plan participants and beneficiaries. See Sections 1001(b) and 1132, Title 29, U.S. Code.

We have an advantage over the trial court because in the interim between its decision and this appeal the Ohio Supreme Court has addressed many of the issues involved in this case. Ohio's state courts have concurrent jurisdiction with the federal courts to award benefits due under an employee benefit plan pursuant to Section 1132(e)(1) of ERISA. *Richland Hospital, Inc.* v. *Ralyon* (1987), 33 Ohio St. 3d 87, 516 N.E. 2d 1236, paragraph one of the syllabus. However, federal courts have exclusive jurisdiction over ERISA claims for a breach of fiduciary duty. *Id.* at paragraph four of the syllabus. Accordingly, no ERISA claims against AGP's owners, board of directors or Scroggins are cognizable in an Ohio court, insofar as they are based on a breach of fiduciary duty, and summary judgment was proper as to those claims.

In *Richland Hospital, supra,* the Ohio Supreme Court also held that a state common-law claim asserting express, willful and malicious misrepresentation against the administrators of an employee benefit plan was preempted by ERISA. *Id.* at paragraph five of the syllabus. The reasoning behind this holding was that Section 1144(a) states that ERISA shall "* * * supersede any and all State laws insofar as they may now or hereafter relate to any employee benefit plan * * *."[4]

" 'A law "relates to" an employee benefit plan, in the normal sense of the

---

respect to each person who is a Participant as of the end of that Fiscal Year, or who was a Participant at the time of his death during that Fiscal Year, and with respect to each participant who retired pursuant to Article IV during that Fiscal Year, an amount equal to the following percentage of such Participant's Compensation for such Fiscal Year: 5% of Compensation not in excess of the benefit and contribution base in effect under the Social Security Act for that Fiscal Year, and 12% of Compensation in excess of such base."

[3] The profit-sharing plan document states in Article III, Section 3.1 that:
"(a) Employer Contributions. Each Fiscal Year the Employer shall contribute to the Trust Fund such amount from its Profit-Sharing Net Profits as shall be determined prior to the end of the Fiscal Year by the Board of Directors."

[4] Section 1144(a), Title 29, U.S. Code states in relevant part:
"Except as provided in subsection (b) of this section, the provisions of this subchapter and subchapter III of this chapter shall supersede any and all State laws insofar as they may now or hereafter relate to any employee benefit plan described in section 1003(a) of this title and not exempt under section 1003(b) of this title.* * *"
It is not contended that any of the exceptions apply to this case.

phrase [and is therefore pre-empted], if it has a connection with or a reference to such a plan.' " (Bracketed material in original.) *Richland Hospital, supra,* at 91, 516 N.E. 2d at 1240, citing *Shaw* v. *Delta Air Lines, Inc.* (1983), 463 U.S. 85, 96-97. As the misrepresentation was alleged to have been in connection with an employee benefit plan it was "clearly" preempted by ERISA. Similarly, the breach-of-contract claim together with the claim against Scroggins is in connection with employee benefit plans, and those claims are preempted insofar as they are grounded in the common law of Ohio.

Thus, we are left with the narrow issue of whether a breach-of-contract claim, as alleged by appellants, is cognizable under the federal common law of ERISA. While Ohio courts can award employee benefits due under plans covered by ERISA, their rationale must be consistent with federal law. *Richland Hospital, supra,* at 92, 516 N.E. 2d at 1242. We must decide whether oral agreements may vary the express terms of a written plan, and we hold that the express terms may not be so modified.

We recognize that the federal law regarding oral modifications is in conflict. See *Richland Hospital, supra,* at 92-93, 516 N.E. 2d at 1242, fn. 10. We believe that the better view is that the Section 1102(a)(1) requirement that benefit plans are to be "established and maintained pursuant to a written instrument" effectively precludes oral modifications of such plans. *Nachwalter* v. *Christie* (C.A.11, 1986), 805 F. 2d 956. This is analogous to the interpretation given to Section 186 of the Labor Management Relations Act, Section 141 *et seq.,* Title 29, U.S. Code, whereby a requirement that employee benefit trust provisions in a collective bargaining agreement must be in writing precluded evidence of oral modifications. *Mo-Kan Teamsters Pension Fund* v. *Creason* (C.A.10, 1983), 716 F. 2d 772, certiorari denied *sub nom. Creason* v. *Mo-Kan Teamsters Pension Fund* (1984), 464 U.S. 1045.

While this result may appear harsh in this case, one of the central goals (if not the central goal) of ERISA is to protect the interests of employees and their beneficiaries in employee benefit plans. *Shaw, supra,* at 90. Permitting oral modifications of the written document could involve protracted litigation, which could, in turn, have the effect of denying benefits to people for years. Even if a fair and just decision was always rendered, severe hardship could result during the pendency of the case. The written plan document provides objective proof of the plan, and if evidence of oral modifications were permitted numerous baseless lawsuits could be initiated. Additionally, ERISA requires that plan information be given to employees about their benefit plans. See Section 1021, Title 29, U.S. Code. Such a requirement helps to ensure that an employee is aware of the precise nature of his benefit plans.

Therefore, we find that, even after construing the evidence most strongly in appellants' favor, there were no genuine issues of material fact, and defendants were entitled to judgment as a matter of law. *Temple* v. *Wean United, Inc.* (1977), 50 Ohio St. 2d 317, 4 O.O. 3d 466, 364 N.E. 2d 267. The assignment of error is overruled.

The judgment is affirmed.

*Judgment affirmed.*

SHANNON, P.J., BLACK and KLUSMEIER, JJ., concur.